```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                        DIVISION OF ST. CROIX
```

| | | | |
|---|---|---|---|
| **MERAL SMITH**, | ) | D.C. CV. No. 2005-187 | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) Ref: | D.C. CV. App. No. 2006-044 | |
| | ) | D.C. CV. No. 2003-109 | |
| **CHARLES W. TURNBULL, GOVERNOR OF** | ) | D.C. CV. No. 2002-051 | |
| **THE VIRGIN ISLANDS; KERRY E. DRUE,** | ) | D.C. CV. No. 2001-151 | |
| **ATTORNEY GENERAL of the VIRGIN** | ) | D.C. CV. No. 1997-124 | |
| **ISLANDS,** | ) | D.C. CV. No. 1997-084 | |
| Defendants. | ) | D.C. CR. No. 1972-097 | |
| _____ | ) | | |

## O R D E R

**THIS MATTER** is before the Court on *pro se* Plaintiff Meral Smith's ("Smith") complaint alleging violations of the Religious Freedoms Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA").

Smith was convicted on 1972 for the shooting deaths of eight people at the Fountain Valley Golf Course in St. Croix and was sentenced to eight consecutive life sentences. On August 2, 2001, he was transferred to the Wallens Ridge State Prison ("WRSP"). While incarcerated WRSP, Smith alleged, *inter alia*, that a "substantial burden" had been placed on his ability to practice his religion (Rastafarianism) by his confinement in the supermax segregation unit for more than four (4) years and being locked down for 22-24 hours a day. He alleged that he was being denied "certain rights, programs and privileges essential to his religious

*Smith v. Turnbull, et al.*
D.C. CV. NO. 2005-187
Order
Page 2

tenets to reach correct spiritual enlightenment and serve Jah (God) properly" simply because he did not comply with the Virginia Department of Corrections' Personal Grooming Policy, DOP 864-7.8, which required that he cut his dreadlocks. (Amended Complaint at 1-2.) This requirement that he cut his hair, he argued, would require his "direct disobedience to the mandatory commands of Jah" and his life would be "spiritually dead by such an act." (*Id.* at 9.) Moreover, he alleged a "dignity interest and a possessory interest in keeping his beard and dreadlocks, because loosing [sic] his status, his leadership position," may result in his being shunned by family, friends and associates. (*Id.*)

>The Court notes that the stated purpose of DOP 864 was to
>
>>[p]romote safety, security and sanitation and to facilitate the identification of offenders, this procedure establishes uniform personal grooming standards for offenders incarcerated in state correctional facilities . . . and will be strictly enforced. Failure . . . to comply may result in disciplinary action and/or assignment to more restrictive housing.
>>      . . . .
>>Styles such as braids, plaits, dreadlocks, cornrows, ponytails, buns, mohawks, partially shaved heads, designs cut into the hair, etc., and any style that could conceal contraband, are not permitted.
>>      . . . .
>>Offenders who continue to refuse to cut their hair . . . shall remain assigned to special housing until they fully comply with the grooming standards. . . . and [n]o offender will be released to a general population setting until he/she complies with grooming standards.
>
>(DOP 864.1 and 864.4(C)(4), (J)2) and (3).

*Smith v. Turnbull, et al.*
D.C. CV. NO. 2005-187
Order
Page 3

Under RFRA, the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government can demonstrate that the application of the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000bb-1(a), (b).  Similarly, RLUIPA provides in relevant part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless that burden "is in furtherance of a compelling governmental interest" and is accomplished by the "least restrictive means.

42 U.S.C. § 2000cc-1(a)(1)-(2); *see Cutter v. Wilkinson,* 544 U.S. 709, 712 (2005).  To prevail under RLUIPA, a plaintiff must show that his religious exercise has been "substantially burdened" by the challenged conduct, which has defined in the context of RLUIPA to mean that:

> 1) a follower is forced to choose between following the precepts of his religion and forfeiting the benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

*Washington v. Klem,* 497 F.3d 272, 277-78, 280 (3d Cir. 2007) (emphasis in original).

As the government notes, Smith is arguing for the right to be

*Smith v. Turnbull, et al.*
D.C. CV. NO. 2005-187
Order
Page 4

in the general prison population without having to abide by the institution's grooming policy, but no such right exists. (Response at 4.) The government contends that DOP 864 impacts an inmates choice to maintain dreadlocks and a beard, but safety and security issues in the prison present a compelling governmental interest in enforcing the grooming policy. (*Id*. at 3.) The government further argues that Smith's "dignity interest" and "possessory interest" in maintaining his dreadlocks are not protected liberty interests, and the discipline imposed here – segregated confinement – is not so atypical or so significant as to be inconsistent with the ordinary incidents of prison life. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995). In *Sandin*, the Supreme Court noted that the punishment of incarcerated prisoners

> effectuates prison management and prisoner rehabilitative goals. Admittedly, prisoners do not shed all constitutional rights at the prison gate . . . but " '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.

515 U.S. at 485. This Court agrees.

Nonetheless, Smith is no longer in the custody of the Virginia Department of Corrections ("VDOC") and is now in the custody of the Virgin Islands Bureau of Corrections ("VIBOC"), and he has not alleged such claims against the VIBOC. Therefore, his claims

*Smith v. Turnbull, et al.*
D.C. CV. NO. 2005-187
Order
Page 5

against Defendants relative to RLUIPA and RFRA violations in the VDOC no longer constitute a live and acute case in controversy. *See Cutter v. Wilkinson*, 544 U.S. 709, 712 n.1 (2005) (declining to reach the question whether the RLUIPA claims of former inmates of a particular institution continue to present an actual controversy); *see also Steffel v. Thompson*, 415 U.S. 452, 459-60 (1974) (noting that the rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed) (citations omitted).  It is hereby

  **ORDERED** that Smith's application to proceed without prepayment of fees is **GRANTED**; and further

  **ORDERED** that Smith's motion for partial summary judgment is **DENIED**; and further

  **ORDERED** that Smith's Complaint seeking declaratory and injunctive relief is **DENIED** as moot; and further

  **ORDERED** that all other pending motions, if any, are **DENIED** as moot; and finally

  **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

  **DONE AND SO ORDERED** this <u>14</u> day of April 2011.

                    **E N T E R:**

                    /s/ Raymond L. Finch
                    _____
                    **RAYMOND L. FINCH**

*Smith v. Turnbull, et al.*
D.C. CV. NO. 2005-187
Order
Page 6

**SENIOR DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Richard Schrader, AAG
    Meral Smith, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00850- (Please Mark:  "LEGAL MAIL")